UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

JULIE ANN BORDERS,

        Plaintiff,

   v.                                          CIVIL NO.  4:22cv121

FORD MOTOR COMPANY,

        Defendant.

## ORDER OF REMAND

On October 26, 2022, Plaintiff filed a Complaint against Defendant in the Circuit Court of Williamsburg/James City County, Virginia. ECF No. 1-2.[1] Plaintiff's Complaint alleges that Defendant failed to adequately repair a gear shift defect affecting Plaintiff's 2022 Ford Bronco Sport, in violation of the Virginia Motor Vehicle Warranty Enforcement Act, Va. Code § 59.1-207.9, et seq. ("Lemon Law"), and the Magnusson-Moss Warranty Act, 15 U.S.C. § 2301, et seq. ("Warranty Act"). Id. at 5-8.

On November 18, 2022, Defendant removed the action to this court, pursuant to 28 U.S.C §§ 1331, 1441(b), and 1446, claiming that this court has "original jurisdiction because [the action] arises under the laws of the United States and invokes the federal question jurisdiction of this [c]ourt," namely the Warranty Act.

---

[1] Defendant labeled the copy of Plaintiff's Complaint as Exhibit A in its Notice of Removal. ECF No. 1 at 2. However, the court's electronic filing system denotes the document as 1-2. Therefore, the court will refer to the Complaint as ECF No. 1-2.

ECF No. 1 at 2. Although the Warranty Act is a federal statute, Section 2310(d)(3) limits federal courts' jurisdiction over these claims by setting a $50,000 amount-in-controversy threshold requirement, which, according to Defendant, has been satisfied by the monetary damages Plaintiff seeks in her Complaint. ECF No. 1 at 3-4.

Plaintiff, however, disagrees. See ECF No. 5. On November 29, 2022, Plaintiff filed a Motion for Remand for Lack of Subject Matter Jurisdiction ("Motion") stating that "[t]here is no Federal Question Jurisdiction presented here," as Plaintiff "is only seeking $36,370.47 under the [Warranty Act], exclusive of cost and expenses." Id. at 1-2. Therefore, the sole issue before the court at this juncture is whether the amount-in-controversy requirement under the Warranty Act is satisfied, thus providing this court with subject matter jurisdiction over the suit.

## I. LEGAL STANDARD GOVERNING REMOVAL

Title 28, Section 1441 allows a defendant in a civil case to remove any action brought in state court which may have been brought in federal court. Federal courts have original jurisdiction over civil actions based on diversity of citizenship[2] or federal question (and, relatedly, state law claims that form

---

[2] The Parties do not claim that diversity of citizenship exists, nor is it apparent from the Complaint. Therefore, this basis for exercising federal jurisdiction is not addressed or considered in this Order of Remand.

part of the same "case or controversy" as the federal claim). <u>See</u> 28 U.S.C. §§ 1331, 1332, 1367(a).

"[A] defendant seeking to remove a case to a federal court must file . . . a notice of removal containing a short and plain statement of the grounds for removal." <u>Dart Cherokee Basin Operating Co., LLC v. Owens</u>, 574 U.S. 81, 87 (2014) (internal citation and quotation marks omitted). "The burden of establishing whether the statutory and jurisdictional requirements for removal are met is on the removing defendant[]," <u>Kruglyak v. Home Depot U.S.A., Inc.</u>, No. 1:22-CV-24, 2022 WL 16633012, at *2 (W.D. Va. Nov. 2, 2022) (internal citation omitted), who must "prov[e] jurisdiction by a preponderance of the evidence," <u>Mattocks v. Drivetime Car Sales Co., LLC</u>, No. 1:22-CV-346, 2022 WL 4105552, at *2 (M.D.N.C. Sept. 8, 2022) (citing <u>Zoroastrian Ctr. & Darb-E-Mehr of Metro. Washington, D.C. v. Rustam Guiv Found. of New York</u>, 822 F.3d 739, 748 (4th Cir. 2016)). Because "courts must strictly construe removal jurisdiction," when "federal jurisdiction is doubtful, a remand is necessary." <u>Kruglyak</u>, 2022 WL 16633012, at *2 (citing <u>Mulcahey v. Columbia Organic Chems. Co., Inc.</u>, 29 F.3d 148, 151 (4th Cir. 1994)).

## II. DISCUSSION

### A. Removal Pursuant to the Warranty Act

The Warranty Act provides a mechanism for consumers "who [are] damaged by the failure of a supplier, warrantor, or service

contractor to comply with any obligation under th[e] [Act], or under a written warranty, implied warranty, or service contract" to bring a suit for damages and other relief in either federal or state court. 15 U.S.C. § 2310(d)(1). However, because Congress wished to avoid having "'trivial or insignificant actions' being brought in federal court," it established a monetary threshold requirement of $50,000. Donahue v. Bill Page Toyota, Inc., 164 F. Supp. 2d 778, 782 (E.D. Va. 2011) (Ellis, J.) (quoting H.R. Rep. No. 93-1107 (1974)).

The statute instructs courts to consider "all claims to be determined in this suit" when establishing whether the amount-in-controversy requirement is satisfied. 15 U.S.C. §2310(d)(3)(B). Courts continue to shape what "all claims" means under the statute and have placed some important parameters on what damages can be considered. For example, it is well-settled that attorneys' fees are excluded from the amount-in-controversy calculation. E.g., Saval v. BL, Ltd., 710 F.2d 1027, 1032-33 (4th Cir. 1983); Donahue, 164 F. Supp. 2d at 780 n.6. Furthermore, a court may not consider pendent state law claims either when determining whether federal jurisdiction is proper. Misel v. Mazda Motor of Am., Inc., 420 F. App'x 272, 274 (4th Cir. 2011) (collecting cases holding the same). With these limits in place, it is now clear that "all claims" in the statute really means "all [Warranty Act] claims" and is fairly narrow. Donahue, 164 F. Supp. 2d at 782.

4

"Indisputably, plaintiffs have the right to structure their complaint to ask for any sum of damages under whatever laws or statutes they wish." Collins v. Computertraining.com, Inc., 376 F.Supp. 2d 599, 601 (E.D. Va. 2005) (Smith, J.). And "[g]enerally, the amount specified in the complaint will determine whether the jurisdictional amount is satisfied for purposes of removal," so long as it was made in good faith. Bartnikowski v. NVR, Inc., 307 F. App'x 730, 734 (4th Cir. 2009); see Owens, 574 U.S. at 87.

In its Opposition to Plaintiff's Motion, Defendant contends that Plaintiff is trying to "give the appearance that" she suffered "both less and more than $50,000 in damages," which is "impossible in the fullest sense." ECF No. 6 at 2. According to Defendant, Plaintiff's "claimed damages," which include the purchase price of the vehicle ($36,370.47), compensation for inconvenience and loss of use ($10,000),[3] and incidental and consequential damages, exceed $50,000.[4] Id. at 4. Therefore, Defendant argues, "[b]y relying on

---

[3] The court notes that the only reference to damages for inconvenience and loss of use ($10,000) is in Paragraph 11 of the Complaint, under Count I (Plaintiff's Lemon Law claim). ECF No. 1-2 at 7. Count II (Plaintiff's Warranty Act claim) only realleges Paragraphs 1-5 of the Complaint, and, notably, does not include Paragraph 11. Id. at 7-8. Plaintiff again mentions damages for inconvenience and loss of use in the final paragraph of her Complaint, in summary of her full demands from both counts. Id. at 8.

[4] Defendant also lists "collateral charges" and "finance charges," in the list of damages, likely because Plaintiff included those in the final paragraph of her Complaint. See ECF No. 1-2 at 8. However, those damages do not appear elsewhere in her

these figures, . . . Ford met its burden of making a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Id. (internal citation and quotation marks omitted). Defendant's argument is unavailing for several reasons.

## 1. Analysis

First, based on the face of Plaintiff's Complaint, Defendant is asking the court to consider pendent state law claims in the amount-in-controversy calculation, which goes against governing case law in this circuit. See Misel, 420 F. App'x at 274. In connection with her Warranty Act claim, Plaintiff only seeks "a judgment award equal to the purchase price of the vehicle . . . as well as incidental costs and expenses, including attorneys' fees." ECF No. 5 at 2 (quoting ECF No. 1-2 at 7). As discussed earlier, it is undisputed that attorneys' fees are excluded from this calculation. Saval, 710 F.2d at 1032-33. Therefore, when considering Plaintiff's Complaint on its face, Plaintiff's claim for damages under the Warranty Act (excluding attorneys' fees) is $36,370.47, which is significantly below the $50,000 threshold. See Pierce v. Vroom, Inc., No. 4:22-CV-728, 2022 WL 6990590, at *3 (E.D. Mo. Oct. 12, 2022) (finding that the jurisdictional minimum

---

Complaint, and neither party assigns a monetary value to them. Therefore, at this juncture, the court will not address these here, as they do not affect this analysis or conclusion.

under the Warranty Act had not been met when the "case [arose] out of a vehicle purchase for the total sale price of $36,210.96").

Second, even if the court were to look beyond the face of Plaintiff's Complaint and consider the full amount of damages sought by Plaintiff, Defendant's claim still fails. Because Plaintiff challenged Defendant's removal action, no longer is the burden on Defendant to simply make a plausible allegation that the amount-in-controversy exceeds $50,000, as Defendant appears to argue. See ECF No. 6 at 4; Scott v. Cricket Commc'ns, LLC, 865 F.3d 189, 194 (4th Cir. 2017). Defendant, as the party seeking removal, bears the burden of showing the requisite amount by a preponderance of the evidence, which it fails to do. Bell v. Hershey Co., 557 F.3d 953, 956 (8th Cir. 2009) (noting that this standard of proof applies regardless of whether the complaint alleges specific damages); Mattocks, 2022 WL 4105552, at *2.

When viewing Plaintiff's request for damages in full, the Complaint demonstrates that Plaintiff is seeking $36,370.47 for the purchase price of her 2022 car and $10,000 for inconvenience and loss of use, presumably under her Lemon Law claim,[5] plus unspecified damages related to collateral charges, finance charges, rescission of the contract, and incidental and consequential damages. ECF No. 1-2 at 8. No party has provided any

_____

[5] See supra n.3.

7

evidence to the court regarding what these unspecified damages could amount to (or whether Plaintiff is entitled to them), nor does the court have access to the warranty contract between the parties that may limit certain damages. See Burtt v. Ford Motor Co., No. 4:07-CV-38, 2008 WL 373659, at *3-5 (W.D. Va. Feb. 11, 2008) (considering that warranty terms may limit recovery pursuant to Virginia law).

Therefore, even if the court were to consider the full damages sought by Plaintiff through her Complaint, this calculation is too speculative and falls short of demonstrating jurisdiction by a preponderance of the evidence. See Barganier v. Ford Motor Co., No. CV 20-0151-WS-M, 2020 WL 2394934, at *2 (S.D. Ala. May 12, 2020) (stating that a defendant's burden can be met by providing additional evidence or by showing that jurisdiction is "facially apparent from the pleading itself," but rejecting the practice of "resort[ing] to conjecture, speculation, or star gazing") (internal citations and quotation marks omitted). Consequently, this would still be a case where "federal jurisdiction is doubtful" and "remand is necessary." See Mulcahey, 29 F.3d at 151.

### 2. Summary

In summary, regardless of whether the court considers Plaintiff's damages request solely relating to her Warranty Act claim or adopts Defendant's proposed approach by considering

damages sought by Plaintiff under both the Lemon Law and Warranty Act, Defendant has not met its burden of demonstrating jurisdiction by a preponderance of the evidence. Therefore, the court **FINDS** that remand is proper in this case because "federal jurisdiction is doubtful" at best. See id.

### B. Defendant's Request to Limit Plaintiff's Recovery

In its Response in Opposition to Plaintiff's Motion, Defendant also asks the court to require "Plaintiff [to] execute[] a sworn affidavit that she is entitled to less than $50,000 on all claims." ECF No. 6 at 5. However, this completely ignores the fact that the Lemon Law and Warranty Act provide two (2) theories of recovery. See Pierce, 2022 WL 6990590, at *3. Therefore, it is very plausible that the recovery amount for certain damages, including incidental and consequential damages, may differ under the two (2) laws. See Burtt, 2008 WL 373659, at *4-5 (holding that the Uniform Commercial Code (as adopted by Virginia), which allows for consequential and incidental damages to be excluded or limited by warranties, provides the mechanism for calculating Warranty Act damages, as opposed to Virginia's Lemon Law). Accordingly, the court **DENIES** Defendant's request to require Plaintiff to execute an affidavit that would limit her recovery to less than $50,000 on all claims.

## C. Plaintiff's Request for Attorneys' Fees

Lastly, the court will address Plaintiff's request to have Defendant pay for "just costs and any actual expenses, including attorneys' fees, incurred as a result of the removal, as the formula for determining [Warranty Act] Subject Matter Jurisdiction is plainly stated in Fourth Circuit case law." ECF No. 5 at 3.

Title 28, Section 1447(c) states that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Id. (emphasis added). However, "[t]here is no automatic entitlement to" such an award. Common Cause v. Lewis, 956 F.3d 246, 256 (4th Cir. 2020) (internal citation and quotation marks omitted). "'[O]nly where the removing party lacked an objectively reasonable basis for seeking removal'" should a court award attorney's fees in this context. Id. (quoting Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005)).

The court declines to find that Defendant lacked an "objectively reasonable basis for seeking removal" in this case. Id. First and most importantly, authority on damages' calculations in the context of Warranty Act claims is quite "sparse," Donahue, 164 F. Supp. 2d at 783, and there does not appear to be any case law in the Fourth Circuit directly on point for the specific question before the court. Second, Defendant's removal was timely, see 28 U.S.C. § 1446(b); ECF Nos. 1, 1-2., which further supports

a finding that Defendant sought removal in good faith; there is no evidence that this filing was an attempt to delay or interrupt the action in any way. See Common Cause, 956 F.3d at 257. For these reasons, the court **DENIES** Plaintiff's request for payment of costs and any actual expenses, including attorneys' fees, resulting from the removal action.

### III. CONCLUSION

For the reasons stated above, the court **REMANDS** the action to the Circuit Court of Williamsburg/James City County, Virginia, and **GRANTS** Plaintiff's Motion for Remand for Lack of Subject Matter Jurisdiction, ECF No. 5. Moreover, the Court **DENIES** Defendant's request to have Plaintiff execute an affidavit limiting her recovery amount, and also **DENIES** Plaintiff's request for the award of costs and any actual expenses, including attorneys' fees, resulting from the removal action.

The Clerk is **DIRECTED** to effect the Remand and send a copy of this Order of Remand to counsel of record for the parties.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
Senior United States District Judge

REBECCA BEACH SMITH
SENIOR UNITED STATES DISTRICT JUDGE

January 20, 2023

11